UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Mei Ling LIN

         Plaintiff,

v.

CITY OF NEW YORK;
COMMISSIONER WILLIAM BRATTON, New
York City Police Department (NYPD); DEPUTY
INSPECTOR RUSSELL GREEN, NYPD 43rd
Precinct; LIEUTENANT DOMINICK
MARANZANO, NYPD 43rd Precinct; SERGEANT
BRIAN HUGHES, NYPD 43rd Precinct; POLICE
OFFICERS JOHN KAISER, MANKOV, VILLEGAS,
SUCUZHANAY, NYPD 43rd Precinct;

        Defendants.
_____

**JURY TRIAL DEMANDED**

1:14-cv-09994-PAE

ECF Case

### VERIFIED COMPLAINT

Plaintiff, Mei Ling LIN ("Plaintiff"), through undersigned counsel, upon information and belief, alleges as follows:

### INTRODUCTION

1. This is a civil rights action brought by Plaintiff Mei Ling Lin for relief owing to Plaintiff and arising from Defendants' tortious acts and violations of Plaintiff's constitutional and statutory rights. In particular, Plaintiff was wrongfully arrested for a violation of the New York Alcoholic Beverage Control Law. The arrest, as well as the searches and seizures contemporaneous to the arrest, was done without probable cause. Plaintiff has been greatly damaged by the failure of Defendants to act in accordance with their duties under the law.

2. Among other acts, Defendants Green, Maranzano, Hughes, Kaiser, Mankov, Villegas and Sucuzhanay (collectively, "NYPD 43rd Precinct Defendants") arrested Plaintiff without probable cause

in violation of, *inter alia*, the Fourth Amendment of the US Constitution.

3. Among others, Defendants City of New York and Bratton employed, directed, hired, trained, and supervised the NYPD 43rd Precinct Defendants, and have put in place policies, procedures and customs that violated Plaintiff's rights.

4. Plaintiff seeks compensatory and punitive damages, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

5. The U.S. District Court has jurisdiction over this action under 28 U.S.C. § 1331. The claims in this action arise out of 42 U.S.C. § 1983 and the Constitution of the United States.

6. This Court also has supplemental jurisdiction over the state constitutional and state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(e) because the Plaintiff resides in this district and no real property is involved in this action.

## PARTIES

8. MEI LING LIN, Plaintiff herein, is a resident of Bronx, New York.

9. CITY OF NEW YORK, Defendant herein, is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. The City of New York has established and maintains the New York City Police Department ("NYPD") as a constituent department or agency in the area of law enforcement. At all relevant times herein described, Defendant hired, employed, supervised and controlled the Defendants Bratton, Green, Maranzano, Hughes, Kaiser, Mankov, Villegas and Sucuzhanay.

10. WILLIAM BRATTON, Defendant herein, is the Commissioner of the NYPD, and he is sued

herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein. At all relevant times herein described, Defendant is and was responsible for, and the chief architect of, the policies, practices and/or customs of the NYPD, a municipal agency of the City of New York. He is and was, at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD.

11. DEPUTY INSPECTOR RUSSELL GREEN, Defendant herein, is the Commanding Officer of the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacities. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein. He is and was, at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD.

12. DOMINICK MARANZANO, Defendant herein, is a Lieutenant with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein.

13. BRIAN HUGHES, Defendant herein, is a Sergeant with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein.

14. JOHN KAISER, Defendant herein, is a Police Officer with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the

acts alleged herein.

15. POLICE OFFICER MANKOV, first name unknown, Shield No. 1223, Defendant herein, is a Police Officer with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein.

16. POLICE OFFICER VILLEGAS, first name unknown, Shield No. 3285, Defendant herein, is a Police Officer with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein.

17. POLICE OFFICER SUCUZHANAY, first name unknown, Shield No. unknown, Defendant herein, is a Police Officer with the NYPD's 43rd Precinct, and he is sued herein in his individual and official capacity. At all relevant times herein described, Defendant was an employee of the State of New York and was acting within the scope of employment in regard to the acts alleged herein.

## FACTS

18. Plaintiff Mei Ling Lin is Chinese national residing at 1328 Harding Park, Bronx, NY 10473. She is married to Jinjie Chen ("Mr. Chen"), and has one son, Jeremy Chen, born June 3, 2014. Plaintiff is a native Mandarin speaker and is not fluent in English.

19. Plaintiff is currently a full-time mother to her newborn son. She previously worked as a cashier at Fu Xing Chinese Restaurant at 1270 Morrison Avenue, Bronx, NY 10472.

20. Fu Xing is a registered business establishment that does not sell liquor on the premises. It is owned by Plaintiff's husband.

21. On March 6, 2014, Plaintiff was working at Fu Xing. At the time, she was six months pregnant.

4

22. On that date at or around 9:00 PM, three or four of the Defendant police officers entered Fu Xing to speak with a dark-skinned male customer currently inside the restaurant. These officers were uniformed. Plaintiff was behind the counter in the kitchen of the restaurant, and the customer was seated at one of the tables.

23. Plaintiff saw Defendant police officers arrest the customer and take him outside the restaurant. Plaintiff did not know what the Defendant police officers and the customer talked about, or why the customer was arrested.

24. After the Defendant police officers exited with the customer, Plaintiff started cleaning the table left by the customer. As Plaintiff was clearing the table, one of the Defendant police officers reenters the restaurant to speak with the owner of the establishment. This officer was described as a white male, slightly heavy set and balding.

25. Plaintiff responded that her husband owned the restaurant but was away at the time. The Defendant police officer then asked for ID, and said that if Plaintiff did not have ID she would be sent to jail.

26. Three or four of the other Defendant police officers then came into the restaurant then came in, asking for ID. Plaintiff directed the officers at the City Health Department licenses posted on the restaurant's walls, behind the takeout counter. Defendant police officers followed Plaintiff behind the counter.

27. Also behind the counter, in the kitchen, were two restaurant cooks who were unable to assist Plaintiff.

28. During the entire encounter with the Defendant police officers, they used raised voices and intimidating tones in speaking with Plaintiff, who could not communicate in English very well. None of the police officers spoke Mandarin. They also were very invasive of her personal space.

29. Plaintiff was very afraid, and so attempted to call her husband using her cellular phone. One of the officers grabbed her phone away and threw it onto the counter of the restaurant.

5

30. One of the Defendant police officers then took his handcuffs and attempted to arrest Plaintiff. One officer forcefully grabbed Plaintiff's arms, and twisted them behind her so as to handcuff her behind her back.

31. Plaintiff cried and protested, saying that she was in pain from the Defendant police officer's handling of her. She begged to be treated carefully, as she was very pregnant.

32. During the course of the arrest, Plaintiff fell to the floor, and her back and buttock hit the floor. Defendant police officers grabbed her by the arm to pick her up from the floor.

33. Plaintiff did not resist arrest, though protected her abdomen as she was afraid her unborn child would get injured.

34. Plaintiff's person was searched by one of the Police officers in two separate occasions, in the course of the arrest. None of the police officers present were female.

35. The Defendant police officers who searched Plaintiff frisked her entire body, and placed their hands into her clothes' pockets. These officers took out items from her pockets and placed them back inside after inspecting them.

36. Plaintiff was then taken from the restaurant and shoved into a police van.

37. One of the Defendant police officers then returned into the restaurant to take Plaintiff's handbag. From this handbag, the Defendant police officer took out Plaintiff's ID.

38. The Defendant police officer then showed Plaintiff the ID and verified that it belonged to her.

39. After about twenty minutes, Plaintiff was taken out of the police van and handcuffs were removed. She returned into the restaurant when one of the Defendant police officers gave her a ticket. Plaintiff was told that the ticket was because she was drinking alcohol in the restaurant.

40. Defendant police officers left the restaurant shortly after issuing the ticket.

41. Plaintiff was informed by the restaurant employees that Defendants searched the restaurant while she was in the police van.

6

42. Plaintiff then went home as she was not feeling well following the arrest. She was vomiting and her stomach hurt a lot, prompting her to call 911.

43. Plaintiff was transported to Jacobi Medical Center, where she obtained treatment from the physical trauma of the arrest

44. Plaintiff had to see several doctors following the arrest. She was given medication to help her cope with her symptoms. She also saw a psychologist to help with the trauma from the incident.

45. Plaintiff had to go to court to resolve the citation.

46. The court dismissed the citation for facial insufficiency. Plaintiff did not suffer any penalties or fines.

47. Aside from this arrest, Plaintiff had never before been arrested for any reason. Plaintiff does not have a criminal record.

48. Lawsuits against the NYPD and the City rose 22 percent in 2012 and nearly doubled in the past five fiscal years, rising 94 percent. Police action claims result from alleged improper police conduct, such as false arrest or imprisonment, or failure to provide police protection. From 2007 to 2011, suits against the NYPD rose from 5,707 to 8,882, while payouts doubled to $186 million. From 2009-2014, the City has spent a total of $428 million on NYPD-related settlements.

49. The above demonstrates that it was the policy and/or custom of Defendants City and Bratton to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by Defendants City and Bratton. It also demonstrates the Defendant City and Bratton's lack of or failure to implement appropriate policy responses to repeated complaints of such violations.

## EXHAUSTION OF REMEDIES

50. As to the state law claims, on March 17, 2014, Plaintiff filed a Notice of Claim with the City of New York, alleging various constitutional violations by the New York City Police Department. This claim was timely filed, within ninety (90) days from when the claims arose.

51. As to the federal claims, exhaustion of state remedies is not a prerequisite to filing a § 1983 action. As there are no federal defendants, nor any federal claims aside from those arising under § 1983, Plaintiff was not required to exhaust remedies.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for False Arrest and False Imprisonment

52. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 51 as is fully set forth herein.

53. The NYPD 43rd Precinct Defendants intentionally arrested or caused to be arrested Plaintiff on March 6, 2014.

54. Plaintiff was aware of and did not consent to the arrest.

55. Defendants' arrest of Plaintiff was not privileged by probable cause.

56. Defendants arrested and continued to detain Plaintiff with reckless disregard for the facts.

57. Defendants' actions caused Plaintiff to be detained for a total of twenty minutes.

58. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of her Fourth and Fourteenth Amendment rights under the US Constitution.

59. As a direct and proximate result of the Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

60. Defendants' actions were intentional, wanton, malicious, reckless and oppressive, entitling Plain-

tiff to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 Claim for Malicious Prosecution

61. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 60 as is fully set forth herein.

62. Defendants commenced or caused to be commenced criminal proceedings against Plaintiff in New York City Criminal Court, without probable cause, with a wrong and improper motive, and with reckless disregard for the facts.

63. Criminal proceedings were terminated in favor of Plaintiff, with the judge dismissing the case due to the facial insufficiency of the ticket.

64. As a direct and proximate result of Defendants ' actions, Plaintiff was deprived of her Fourth, Fifth, Sixth and Fourteenth Amendment rights under the US Constitution.

65. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

66. Defendants' acts were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 1983 Claim for Excessive Force

67. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 66 as is fully set forth herein.

68. Defendants intentionally arrested or caused to be arrested Plaintiff on March 6, 2014.

69. During the course of this arrest, Defendants applied excessive force upon the person of the Plain-

tiff.

70. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of her Fourth and Fourteenth Amendment rights under the US Constitution.

71. As a direct and proximate result of the Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

72. Defendants' actions were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure

73. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 72 as is fully set forth herein.

74. The NYPD 43rd Precinct Defendants intentionally searched Plaintiff's person and items of personal property.

75. Plaintiff was aware of and did not consent to the searches.

76. Defendants' searches of Plaintiff were not privileged by probable cause.

77. Defendants' searches of Plaintiff were not incident to a lawful arrest, nor were privileged by extenuating circumstances.

78. Defendants searched Plaintiff with reckless disregard for the facts.

79. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of her Fourth and Fourteenth Amendment rights under the US Constitution.

80. As a direct and proximate result of the Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

81. Defendants' actions were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
### New York State Law Claim for False Arrest and False Imprisonment

82. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 81 as is fully set forth herein.

83. The NYPD 43rd Precinct Defendants intentionally arrested or caused to be arrested Plaintiff on March 6, 2014.

84. Plaintiff was aware of and did not consent to the arrest.

85. Defendants' arrest of Plaintiff was not privileged by probable cause.

86. Defendants arrested and continued to detain Plaintiff with reckless disregard for the facts.

87. Defendants' actions caused Plaintiff to be deprived of liberty.

88. As a direct and proximate result of the Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

89. Defendants' actions were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

### SIXTH CLAIM FOR RELIEF
### New York State Law Claim for Malicious Prosecution

90. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 89 as is fully set forth herein.

91. Defendants commenced or caused to be commenced criminal proceedings against Plaintiff in New York City Criminal Court, without probable cause, with a wrong and improper motive, and with

reckless disregard for the facts.

92. Criminal proceedings were terminated in favor of Plaintiff, with the judge dismissing the case due to the facial insufficiency of the ticket.

93. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

94. Defendants' acts were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Municipal Liability Claim for Negligent Training, Hiring, Supervision and Retention

95. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 94 as is fully set forth herein.

96. Defendants City, Bratton, Green, Maranzano and Hughes knew or reasonably should have known to a moral certainty that the officers within their supervision and control will confront, *inter alia*, a crime scene that involved getting statements from non-native English speakers;

97. Defendants City, Bratton, Green, Maranzano and Hughes have devised, implemented, enforced, adopted, sanctioned and ratified policies, practices and customs as to, *inter alia*, investigative and custodial arrests, communication with witnesses and arrestees who do not speak English, the treatment of pregnant arrestees, and the requirements of probable cause to arrest and to prosecute.

98. The crime scene confronted by the NYPD 43rd Precinct Defendants presented them with difficult choices of the sort that training and supervision would have made less difficult, and the wrong choices, the sort of which the NYPD 43rd Precinct Defendants made in this case, will frequently cause the deprivation of one's constitutional rights.

99. The New York City Police Department has a history of mishandling arrests and treatment of arrestees and detainees.

100. Defendants City, Bratton, Green, Maranzano and Hughes failed to properly train officers within their supervision and control as to the issuance of tickets; the collection of testimonial and physical evidence at a crime scene; the treatment of arrestees who are pregnant or may be physically fragile or in need of medical attention; and the requirements of probable cause to arrest and to prosecute; in a manner that preserves rights protected by the Constitution.

101. With deliberate indifference to Plaintiff's constitutional rights, Defendants City, Bratton, Green, Maranzano and Hughes have directly and proximately caused Plaintiff's deprivation of rights under the US Constitution by devising, implementing, enforcing, adopting, sanctioning and ratifying a policy, practice and/or custom of (a) failing to properly screen, train, and supervise NYPD officers; (b) failing to adequately monitor and discipline the NYPD and its officers; and (c) encouraging, sanctioning and failing to rectify the NYPD's constitutional abuses.

102. Defendants actions, directly and proximately caused the NYPD 43rd Precinct Defendants to, *inter alia*, falsely arrest and imprison Plaintiff; maliciously prosecute Plaintiff; and subject Plaintiff to excessive force.

103. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of her Fourth, Fifth, Sixth and Fourteenth Amendment rights under the US Constitution.

104. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages (including monetary damages; physical, mental and emotional pain and suffering; mental anguish, embarrassment and humiliation) in an amount to be determined at trial.

105. Defendants' acts were intentional, wanton, malicious, reckless and oppressive, entitling Plaintiff to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF
*Respondeat Superior* **Claim Against the City Under New York Common Law**

106. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 105 as is fully set forth herein.

107. The conduct of the NYPD 43rd Precinct Defendants occurred while they were on duty, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees of Defendants City and Bratton. As a result, Defendants City and Bratton are liable to Plaintiff under the doctrine of *respondeat superior*.

## NINTH CLAIM FOR RELIEF
### New York State Law Assault and Battery

108. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 107 as is fully set forth herein.

109. Defendants intentionally placed Plaintiff in imminent apprehension of harmful contact by collectively intruding upon Plaintiff's place of business, verbally attacking Plaintiff, and displaying their service weapons. Defendants also grabbed Plaintiff's phone away from her.

110. Defendants intentionally and forcefully grabbed Plaintiff's arms in the course of effecting an arrest. Defendants forcefully pushed and shoved Plaintiff.

111. Defendants actions caused Plaintiff to suffer from, *inter alia*, bruises and bodily trauma; such actions also caused Plaintiff emotional and psychological distress.

WHEREFORE, Plaintiff respectfully requests a Final Judgment:

a. Awarding Plaintiff compensatory damages in amounts that are fair, just and reasonable, to be determined at trial.

b. Awarding Plaintiff punitive damages and such other and further relief as this Court deems just, proper and equitable.

    c. Awarding Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

    d. Awarding Plaintiff costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and

    e. Awarding Plaintiff such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: December 15, 2014
       Flushing, New York

                      Respectfully submitted,

                      _____
                      Chunyu Jean Wang, Esq. (CW2747)
                      WANG LAW OFFICE, PLLC
                      36-25 Main Street, 3rd Floor
                      Flushing, NY 11354
                      (718) 353-9264
                      (718) 353-2099 - facsimile
                      *Counsel for Plaintiff*

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF Queens             )

I, Mei Ling Lin, declare:

1. I do not speak, read or write English fluently. I do fluently speak, read and write Chinese. This verification has been translated for me from Chinese by the below translator.

2. I have personal knowledge of the above facts and am competent to testify regarding all such facts based upon my personal knowledge.

3. I am the plaintiff in the above action.

4. The foregoing complaint is true and correct, except as to matters stated on information and/or belief and as to those, I believe them to be true.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true.

_____
Mei Ling Lin    12/04/2014

Sworn to before me this 04th day of Dec 20 14

_____
Notary Public, State of New York

XUN HU
Notary Public - State of New York
NO. 01HU6273964
Qualified in Queens County
My Commission Expires 12/14/16

## Certificate of Translation

I, Sheldon Wu, am competent to translate from Chinese into English, and certify that the translation is true and accurate to the best of my abilities.

_____
Sheldon Wu
36-25 Main Street, 3rd Floor
Flushing, NY 11354